### EX PARTE JACK SWEENEY

No. 25541. October 31, 1951.
Appellant's Rehearing Denied December 12, 1951.

Hon. John Snell, Jr., Judge Presiding.

*Tom Sanders* and *George I. Goodenow*, Houston, for relator.

*Sam W. Davis*, Criminal District Attorney, *King C. Haynie*, Assistant Criminal District Attorney, both of Houston, and *George P. Blackburn*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The appeal is from an order of the county judge of Harris County denying relator's prayer for release on habeas corpus and remanding him to the custody of the chief of police of the city of Houston to satisfy fines totaling $900, assessed against him in the corporation court of the city of Houston under commitments dated September 22, and September 25, 1950.

It is shown that appellant was remanded to custody on September 22, 1950; that he was released on December 21, 1950, by verbal order of the judge of the corporation court; that on July 25, 1951, he was returned to custody and is now held on the above commitments.

It is unnecessary that we pass upon the validity of the sec-

tion of the charter of the city of Houston which authorizes the mayor, upon recommendation in writing from the judge of the corporation court, to remit all or parts of fines imposed in the corporation court, it not being shown that any part of appellant's fine has been remitted in accordance with such charter.

The commitments, together with the testimony showing that same had not been satisfied by appellant's confinement or by payment of the fine and costs, are sufficient to show that the confinement of appellant is not illegal.

If he had received clemency, it was incumbent upon him to show such fact. The testimony as to his release cannot be accepted as proof that his fine has been remitted.

The trial court properly refused to discharge appellant upon the evidence.

The judgment is affirmed.

Opinion approved by the Court.

ON MOTION FOR REHEARING

MORRISON, Judge.

Appellant contends that we were in error in holding that it had not been shown that the fines against him had been remitted in accordance with the Code of the City of Houston.

He asks us to presume that because a certain Judge Chambers called the captain of the prison farm for the city of Houston on the telephone on December 21, 1950, instructing him to release the relator, that he acted in compliance with Section 455 of the Code of the City of Houston.

Again, without pasisng on the validity of such section, it will be noted that the same provides for the remission of fines when the following steps are taken:

1. The judge shall *recommend* to the mayor in writing that the fine be remitted.

2. The mayor may or may not *approve* the recommendation and transmit the same to the clerk.

3. If the mayor does approve the same, then the clerk shall enter the same upon the docket.

4. The clerk shall thereafter issue an order to the chief of police, with the recommendation of the judge and the approval of the mayor attached thereto.

It will be noted from the above that the power to remit was by the framers of the Code intended to lie in the mayor. The judge merely recommends, and it is the mayor's act which brings about the remission. Since the judge himself lacked the *power* to remit, there is no presumption to be indulged in concerning the legality of his act or that such act constituted one of remission.

Remaining convinced that we correctly disposed of this matter originally, the appellant's motion for rehearing is overruled.